IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-301

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ALVIN LEE EDGE | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant to suppress evidence based on the alleged unconstitutional search of another's vehicle and the alleged unreliability of evidence he expects the government to present at trial. (Doc. No. 14).

Before a defendant may contest a search, he must establish a reasonable expectation of privacy in the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). According to the motion, police officers searched a car owned by Shoibhan Gill that was parked in the garage of her residence when the defendant was not there.[1] (Id. at 2-3, 5). The defendant claims that he had an expectation of privacy in the vehicle because he had used it in the past.[2] (Id. at 3). He relies on United States v. Wellons, 32 F.3d 117, 119 (4th Cir. 1994), which holds that an unauthorized rental car driver has no legitimate expectation of privacy in a vehicle. However, the defendant has not presented any legal authority for the proposition that, as authorized driver of the car in the past, he retained a future expectation of privacy in it that society would recognize as legitimate.[3]

---

[1] According to a police report filed as an exhibit with the motion, Gill told police that she had recently purchased the car from the defendant. (Doc. No. 14: Exhibit A).

[2] The defendant does not claim an expectation of privacy in the garage where the car was parked.

[3] In fact, courts have held that a defendant who previously drove a vehicle lacks a continuing legitimate expectation of privacy when he is not its owner or possessor at the time of the search. United States v. Glasgow, 658 F.2d 1036, 1044 (5th Cir. 1981); United States v. Acosta, — F. Supp. —, 2011 WL 2401829, at *93 (N.D. Ga. June 12, 2011).

Thus, the defendant has alleged no facts that would establish a legitimate expectation of privacy in the vehicle and is not entitled to a hearing on his motion to suppress for an alleged violation of his Fourth Amendment rights. United States v. Espinoza-Seanez, 862 F.2d 526, 536 (5th Cir. 1989) (to warrant a hearing, defendant must allege facts that, if true, would entitle him to relief) (cited in United States v. Smith, 927 F.2d 598, 1991 WL 29043, at *3 (4th Cir. 1991) (unpublished decision).

The defendant also claims that admission of the gun found in the car at trial would be an evidentiary violation because the process in collecting it lacks reliability. (Doc. No. 14 Motion at 5). The defendant is not merely faulting the gun's chain of custody, but rather the conclusion that it was his as charged in the indictment. (Id. at 6-7). Such an attack on the quantum of evidence is not proper prior to trial. United States v. Willis, 346 F.3d 476, 488 (4th Cir. 2003) (court lacks authority review sufficiency of the evidence supporting an indictment).

**IT IS, THEREFORE, ORDERED** that the defendant's motion to suppress is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: January 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge